MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 154
Docket:       Yor-15-102
Argued:       November 3, 2015
Decided:      December 1, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
              HUMPHREY, JJ.

## GUARDIANSHIP OF JAKOB A. GIONEST

GORMAN, J.

[¶1]  Sharon Cote appeals from a judgment of the York County Probate Court (*Longley, J.*)[1] denying her petition for a permanent guardianship of her grandson, Jakob A. Gionest.  Sharon challenges the court's determination that she failed to meet her burden of establishing both that the child's mother, Jessica Cote, is unfit to parent and that a guardianship is in the best interest of the child.  We affirm the judgment.

[¶2]  In March of 2014, after a contested hearing, the court granted Sharon's petition requesting that she be appointed her grandson's temporary guardian.  In its order, the court found that the child's mother, Jessica A. Cote, had created a temporarily intolerable living situation and was unfit to parent at that time.[2] *See* 18-A M.R.S. § 5-204(c) (2014).  Apparently assuming that Jessica would soon

---

[1]  The matter was heard on judicial interchange pursuant to 4 M.R.S. § 306 (2014).

[2]  Although notified of the proceedings, the child's father, Mark Gionest, did not appear before the trial court and is not a party to this appeal.

recover her ability to care for her son, the court fashioned an order creating a limited guardianship that required Sharon to take specific steps to assist Jessica to "ameliorate this situation." *See* 18-A M.R.S. § 5-105 (2014).

[¶3]　On September 11, 2014, approximately two weeks before the temporary limited guardianship would have terminated, Sharon petitioned for a permanent guardianship of the child, again on grounds of an intolerable living situation pursuant to section 5-204(c).　The court conducted a testimonial hearing on January 9 and 23, 2015, during which Sharon, Jessica, and several additional witnesses testified.

[¶4]　By decision dated January 26, 2015, the court found that Jessica had stabilized her life since the initial guardianship order was entered and that she was currently fit to parent the child.　In recognition of the child's special needs, however, the court created an extended transitional order appointing Sharon as an interim, limited guardian for the child until the end of the school year, at which time the child would return to Jessica's care.　Sharon appeals.　*See* 18-A M.R.S. § 1-308 (2014).

[¶5]　Sharon filed her petition pursuant to 18-A M.R.S. § 5-204(c), which provides as follows:

> The court may appoint a guardian or coguardians for an unmarried minor if . . . [t]he person or persons whose consent is required under subsection (b) do not consent, but the court finds by clear and

convincing evidence that the person or persons have failed to respond to proper notice or a living situation has been created that is at least temporarily intolerable for the child even though the living situation does not rise to the level of jeopardy required for the final termination of parental rights, and that the proposed guardian will provide a living situation that is in the best interest of the child . . . .

Given that there is a fundamental right to parent at stake, we have interpreted section 5-204(c) to require the petitioner to establish, by clear and convincing evidence, the following two factors:

(1) the parent is currently unable to meet the child's needs and that inability will have an effect on the child's well-being that may be dramatic, and even traumatic, if the child lives with the parent, and (2) the proposed guardian will provide a living situation that is in the best interest of the child.

*Guardianship of Jewel M.* (*Jewel I*), 2010 ME 17, ¶ 13, 989 A.2d 726; *see Guardianship of Jewel M.* (*Jewel II*), 2010 ME 80, ¶ 12, 2 A.3d 301. Because Sharon carried the burden of proof at trial, we may disturb the court's findings that she failed to meet that burden only if we conclude that the trial court was compelled to find in Sharon's favor. *See Conservatorship of Justin R.*, 662 A.2d 232, 234 (Me. 1995).

[¶6] Contrary to Sharon's assertions, the court properly applied the correct legal test according to the correct standard of proof by explicitly evaluating, to the clear and convincing standard, first, whether Jessica is a fit parent, and second, whether the award of guardianship is in the best interest of the child. *See Jewel I,*

2010 ME 17, ¶ 13, 989 A.2d 726.  The court's findings that Jessica is fit are supported by Jessica's own testimony as well as that of her therapist, uncle, grandmother, boyfriend, and a Department of Health and Human Services child protective supervisor.  That the court properly considered the child's best interest is also demonstrated by its discussion of the child's special needs and its detailed transitional order providing for the child's gradual removal from Sharon's home and increasing integration into Jessica's household over the course of several months.  *See* 18-A M.R.S. § 5-213 (2014) (allowing the Probate Court, "[i]n issuing, modifying or terminating an order of guardianship for a minor," to "enter an order providing for transitional arrangements for the minor if the court determines that such arrangements will assist the minor with a transition of custody and are in the best interest of the child").

[¶7]  Although Sharon offered contradictory evidence, the court was not required to believe that evidence.  *See Handrahan v. Malenko*, 2011 ME 15, ¶ 14, 12 A.3d 79.  Given Sharon's burden before the Probate Court, the court's determination that Sharon did not meet that burden, the court's application of the correct legal test according to the correct standard of proof, and our conclusion that the record does not compel a result different from the court's judgment, we decline to disturb the judgment.

The entry is:

Judgment affirmed.

---

**On the briefs and at oral argument:**

Amy B. McGarry, Esq., McGarry Law Offices, P.A., Kennebunk, for appellant Sharon Cote

Wendy Moulton Starkey, Esq., Rose Law, LLC, York, for appellee Jessica Cote

York County Probate Court docket number 2014-0001
FOR CLERK REFERENCE ONLY